UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.** **Case No.8:11-cr-356-T-30EAJ**

**ANTONIO LEWIS SMITH,**
**a/k/a "AMP"**
______________________________/

**ORDER**

This cause comes on for consideration of Defendant Antonio Smith's Third Motion in Limine (Items Seized from House at 1514 13th South) (D-135) and the Government's response in opposition thereto (D-157).

Defendant Smith and co-defendants Derrick Spann, Valarian Brown, and Bibal Francis are charged in a three-count Indictment with conspiracy to possess with the intent to distribute five (5) kilograms of more of a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846, conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii). Trial is scheduled to commence on December 5, 2011.

Defendant Smith seeks an order precluding the Government from

introducing at trial evidence seized during the execution of a search warrant at 1514 13th Street South, St. Petersburg, Florida. Specifically, Defendant seeks to preclude the Gvoernment from introducing into evidence a color "mug shot" photograph of Defendant Smith and a handwritten note to "Amp," which Defendant admits is his nickname. Defendant contends that there is no evidence that he owned, leased, occupied or controlled the utility accounts for the residence. He further contends that these items are not relevant and, further, are inadmissible under Fed. R Evid. 403 and 404(b).

The Government responds that Joseph Pittman, who was arrested on June 3, 2011, and originally charged in a Complaint along with Defendant Smith and co-defendants Spann, Brown and Francis, identified the residence as a stash house utilized by Defendant Smith and co-defendant Brown. Pittman allegedly advised law enforcement that he and Brown were supposed to pick up marijuana and cocaine and transport it to the stash house.

The Government further explains that law enforcement executed a search warrant on the house on June 4, 2011. During the search of the residence, law enforcement recovered a kilogram wrapper with cocaine residue, a handwritten note to "Amp," and other miscellaneous documents. With regard to the note to "Amp," which requested he contact "Randy" about completing painting and carpeting, the Government states that it does not intend to offer the note for the truth of the matter asserted; nor does it intend

to argue that the contents of the note are coded language for drugs. Rather, the Government argues that it intends to offer the note as corroborative evidence, along with testimony, to show that Defendant had dominion and control over the residence.

The Government states that the "mug shot" was not found during the search warrant at the residence and it will not be included in any evidence presentation relating to the results of the search warrant. As such, Defendant's motion as it relates to the mug shot is moot.

As for the note to "Amp," the Court finds that it may be relevant to whether Defendant had dominion or control over the residence. Furthermore, the Court finds that its probative value may not be outweighed by any prejudicial effect on the jury. Finally, the Court finds that, at this point, the note does not constitute inadmissible evidence under Rule 404(b). As such, Defendant's motion to preclude its admission is denied.

IT is therefore ORDERED that:

1) Defendant Antonio Smith's Third Motion in Limine (D-135) is DENIED.

DONE AND ORDERED in Tampa, Florida, this November 18, 2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE