UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.** **Case No.8:11-cr-356-T-30EAJ**

**DERRICK SPANN and**
**VALARIAN J. BROWN**
______________________________/

**ORDER**

This cause comes on for consideration of Defendant Brown's Motion in Limine (D-68), Defendant Spann's Motion in Limine (D-140) and the Government's responses in opposition thereto (D-94 and 163).

Defendants Brown and Spann and others are charged in a three-count Indictment with conspiracy to possess with the intent to distribute five (5) kilograms of more of a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846, conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii). Trial is scheduled to commence on December 5, 2011.

Defendants move the Court for an order prohibiting the Government from introducing in its case-in-chief evidence relating

to a drug investigation in 2004 and 2005. Specifically, Defendant Brown states that he was charged in Duval County, Florida in Case No. 2005-CF-004840, but the case was nolle prossed due to lack of evidence. Defendant Spann states that he was incarcerated at the time of the 2204 through 2005 activities. Both Defendants contend that evidence relating to the 2004 through 2005 time period involves a different conspiracy and is not relevant to the conspiracy charged in the Indictment. Defendants further argue that the evidence should be prohibited under Fed.R.Evid. 403 because introduction of the evidence would cause: (1) unfair prejudice to Defendants; (2) confusion of the issues with the jury; and (3) the jury to focus on criminal activity that is not part of the Indictment. Additionally, Defendants contend that the evidence is outside the statute of limitations and is inadmissible under Fed.R.Evid. 404(b).

The Government responds that the Indictment charges that the conspiracy took place "from an unknown date through on or about June 6, 2011" and that the drug activity from 2004 and 2005 falls within the charged time frame. It argues that Defendants Brown and Spann and co-defendant Antonio Smith were the organizers of a single conspiracy involving the transport of cocaine and marijuana from Houston, Texas to Florida that dates back to 2004 and continued until their arrest in June 2011.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination

of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Generally, relevant evidence is admissible. Id. However, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

The Court notes that while Defendants contend the evidence they seek to exclude from evidence at trial is not relevant because it is related to a different conspiracy that ended in 2005, the existence of a single conspiracy is a question of fact to be determined by the jury. United States v. Richardson, 532 F.3d 1279, 1284 (11th Cir. 2008), cert. denied, 129 S.Ct. 950 (2009). In determining whether a jury could reasonably find the existence of a single conspiracy, the court considers: (1) the existence of a common goal; (2) the nature of the underlying scheme; and (3) the overlap of participants. Id. Here, the Government argues the evidence shows a common goal and nature of the schemes in 2004/2005 and 2011 as well as common participants. The Government is entitled to attempt to prove its case.

The Court finds that the evidence relating to the drug activity and related investigation in 2004 and 2005 is relevant to the offenses charged in the Indictment. Specifically, the Indictment charges that the defendants conspired to possess with the intent to

distribute cocaine and marijuana from "an unknown date, through on or about June 6, 2011...." (D-41, p. 1, 2.) Thus, drug activity from 2004 and 2005 falls within the time frame charged by the Indictment. United States v. Wright, 164 Fed. Appx. 809, 814 (11th Cir. 2006) (the court found that evidence of drug activity from 1997 fell within the time period contemplated by the indictment which charged a conspiracy from an unknown date through July 18, 2003). Furthermore, the evidence is not unduly prejudicial pursuant to Rule 403.

Spann's incarceration in 2005 does make the evidence irrelevant. Significantly, "[ne]ither arrest nor incarceration automatically triggers withdrawal from a conspiracy." Richardson, 532 F.3d at 1285, n.1 (citation omitted). Furthermore, the fact that co-conspirators may have joined and exited the conspiracy over the years does not mean there was more than one conspiracy. Id. at 1286.

Defendants' contention that the evidence is prohibited under Fed.R.Evid. 404(b) also fails. In this regard, the evidence is not of extrinsic acts to the offenses charged, but rather is evidence probative of the offenses charged. Wright, 164 Fed. Appx. at 814.

Finally, Defendants' claim that the evidence is barred by the statute of limitations fails. Title 18, United States Code, section 3282(a) provides that a person may not be prosecuted unless the indictment or information is brought within five years of the