UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                      Case No.8:11-cr-356-T-30EAJ

**ANTONIO LEWIS SMITH,**
a/k/a "AMP"
_____/

**ORDER**

This cause comes on for consideration of Defendant Antonio Smith's Fifth Motion in Limine (Several Mailed Cardboard Boxes) (D-137), and the Government's responses in opposition thereto (D-159).

Defendant Smith and co-defendants Derrick Spann, Valarian Brown, and Bibal Francis are charged in a three-count Indictment with conspiracy to possess with the intent to distribute five (5) kilograms of more of a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846, conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii).

Defendant Smith seeks to preclude the Government from introducing at trial evidence relating to packages that were sent from addresses located in the area of Houston, Texas, to addresses

located in the area of St. Petersburg, Florida. According to Defendant, one package was purportedly sent by James Pumphrey to Janet Pumphrey and was purportedly signed for by Willie Smith. Other packages were purportedly sent by: (1) Katie Carter to Clay Carter; (2) Davis Taylor to Tina Taylor; (3) Tracey Morgan to Jason B. Morgan; and (4) Jason Fattey to Justin Fattey.

Defendant contends that, with the exception of the "Pumphrey" package, there is no evidence that the packages contained controlled substances. He further argues that there is no evidence that the packages were sent by a participant in the charged conspiracy. He, therefore, argues that evidence relating to the mailed packages is irrelevant, and, furthermore, inadmissible under Fed.R.Evid. 403.

The Government responds that the charged conspiracy involved interstate transportation of cocaine and marijuana by both private vehicles as well as through the mail. The Government explains that on March 15, 2011, a package purportedly sent by James Pumphrey to Janet Pumphrey was interdicted in the mail. The substance in the package was analyzed and was found to be approximately 800 grams of cocaine. The Government states it intends to present testimonial evidence that the package was part of the charged conspiracy and that the names were fictitious.

The Government further states that co-defendant Derrick Spann admitted to sending packages of marijuana and cocaine through the mail from Texas to Florida. The Government explains that while none of the other packages were recovered by law enforcement, delivery

information regarding the packages was gleaned from information found in co-defendant Spann's phone.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Generally, relevant evidence is admissible. Id. However, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

At this point, it appears that the evidence Defendant seeks to exclude is relevant to the offenses charged in the Indictment. Furthermore, the Court finds that, at this point, the evidence is not unduly prejudicial pursuant to Rule 403. As such, Defendant's motion to preclude admission of the evidence is denied.

IT is therefore ORDERED that:

1) Defendant Smith's Fifth Motion in Limine (Several Mailed Cardboard Boxes) (D-137) is DENIED.

DONE AND ORDERED in Tampa, Florida, this November 18th, 2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE