UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-cr-356-T-30EAJ

DERRICK LADELL SPANN

**PRELIMINARY ORDER OF FORFEITURE**

Before the Court is the United States' Motion for a Preliminary of Forfeiture for the following jewelry, which upon entry shall become a final order of forfeiture as to defendant Derrick Ladell Spann:

(1) 14k white gold diamond cluster style earrings;

(2) Gold tone base metal cluster style ring;

(3) 14k gold gents invisible set diamond cluster ring;

(4) 10k yellow gold gents ribbed design diamond cluster ring;

(5) 14k yellow gold diamond cluster style earrings;

(6) Gents black base metal fancy style cluster ring;

(7) 10k white gold diamond cluster style earrings;

(8) gents white base metal nine stone cluster ring;

(9) Cuban style link chain;

(10) Knock off style bead bracelet;

(11) Knock off style bead bracelet;

(12) Knock off of KHR NOS style watch;

(13) Knock off of Ice style watch;

(14) Knock off of Techno Royale style watch;

(15) Knock off style bead bracelet; and

(16) Knock off style bead necklace.

Being fully advised in the premises, the Court hereby finds that the jewelry described above constitutes proceeds of the defendant's illegal drug trafficking activities, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(C), 846, and 841(b)(1)(B)(ii), as charged in Counts One, Two and Three of the Indictment.

Defendant pleaded guilty and was convicted of these offenses. The United States has established the requisite nexus between the jewelry and the offenses of conviction. Therefore, the jewelry is subject to forfeiture under 21 U.S.C. § 853(a)(1). Accordingly, it is hereby

ORDERED and ADJUDGED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(a)(1) and Federal Rule of Criminal Procedure 32.2(b)(2), all right, title, and interest of defendant Derrick Ladell Spann in the described jewelry are FORFEITED to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of the jewelry, and to entertain any third party claim that

may be asserted in these proceedings.

DONE and ORDERED in Tampa, Florida, this 17th day of
of July, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE